**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REGINALD CLAY, | |
|      Plaintiff, | Case No. 1:24-cv-4194 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | |
|      Defendant. | |

**INDEX OF EXHIBITS FOR NOTICE OF REMOVAL**
**OF UNION PACIFIC RAILROAD COMPANY**

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Complaint in *Reginald Clay v. Union Pacific Railroad Company*, Circuit Court of Cook County Case No. 2024L004147 |
| Exhibit 2 | Copy of the Summons and All Process, Pleadings, and Orders Served Upon Union Pacific |
| Exhibit 3 | Docket in *Reginald Clay v. Union Pacific Railroad Company*, Circuit Court of Cook County Case No. 2024L004147 |

# EXHIBIT 1

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 7/25/2024 9:30 AM

FILED
4/16/2024 4:09 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L004147
Calendar, U
27286719

FILED DATE: 4/16/2024 4:09 PM 2024L004147

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

REGINALD CLAY,                          )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )          2024L004147
                                        )
UNION PACIFIC RAILROAD                  )
COMPANY,                                )
                                        )
          Defendant.                    )

## COMPLAINT

1.     Plaintiff Reginald Clay brings this action against Defendant Union Pacific Railroad Company to secure redress for Defendant's unlawful collection, use, storage, and disclosure of Plaintiff's sensitive biometric data.

## PARTIES

2.     Plaintiff Reginald Clay is an individual who resides in Elgin, Illinois.

3.     Defendant Union Pacific Railroad Company is a Delaware corporation with its principal place of business in Nebraska. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604-1101.

## FACTS

4.     Plaintiff is a commercial truck driver.

5.     On numerous occasions between 2019 and 2024, Plaintiff visited Illinois facilities of Union Pacific Railroad Company to pick up or deliver shipping containers. Plaintiff would arrive in a tractor-trailer, pick up a chassis and container, leave the facility, and deliver the container to its destination. He also would return empty containers/ chassis to the Union Pacific facility.

6.     Plaintiff was required to register his fingerprint information upon first visiting a Union Pacific facility. Union Pacific used an "Auto-Gate" system for that purpose.

7.     On each occasion when he entered or exited the Union Pacific facilities, Plaintiff was required to place his fingerprints into a reader, to be matched with the fingerprints on file.

-1-

8.      No disclosure were provided to Plaintiff about what was done with the information or how or where it was stored or how long it would be retained.

9.      Plaintiff was a class member in *Fleury v. Union Pacific Railroad Company,* 20cv390 (N.D.Ill.). Statutes of limitation have been tolled during its pendency.

10.     Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendant's – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

11.     Unlike ID badges or time cards – which can be changed or replaced if stolen or compromised – biometric identifiers such as fingerprints are permanent.

12.     This exposes persons such as Plaintiff to serious and irreversible privacy risks.

13.     For example, if a database containing biometric data is hacked, breached, or otherwise exposed, the subjects have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

14.     A black market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and a facial photograph – of over a billion Indian citizens. See Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018).

15.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"), to regulate companies that collect and store biometric data of Illinois citizens.

16.     Notwithstanding the clear and unequivocal requirements of the law, Defendant Union Pacific Railroad Company disregarded the statutorily protected privacy rights of persons entering and exiting its facilities and unlawfully collected, stored, disseminated, and used their biometric data in violation of BIPA.

-2-

FILED DATE: 4/16/2024 4:09 PM   2024L004147

FILED DATE: 4/16/2024 4:09 PM   2024L004147

17.     Specifically, Defendant Union Pacific Railroad Company has violated and continues to violate BIPA because it did not:

      a.     Properly inform Plaintiff in writing of the specific purpose and length of time for which all types of biometric data was being collected, stored, disseminated, and used, as required by BIPA;

      b.     Receive a written release from Plaintiff to collect, store, disseminate or otherwise use all types of biometric data, as required by BIPA; and

      c.     Obtain consent from Plaintiff to disclose, redisclose, or otherwise disseminate all types of biometric data to a third party as required by BIPA.

### BIOMETRIC INFORMATION PRIVACY ACT

18.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c).

19.     In late 2007, a biometric company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. As a result, there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold through the bankruptcy proceedings without adequate protections for Illinois citizens.

20.     The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

21.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. See *Illinois House*

*Transcript*, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

22.    To ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

23.    BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

      a.    Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

      b.    Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

      c.    Receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS 14/15(b).

24.    Biometric identifiers include retina and iris scans, voiceprints, fingerprints, and scans of hand and face geometry. 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. Id.

25.    BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. See, e.g., 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. 740 ILCS 14/15(d)(l).

26.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 4/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information

-4-

FILED DATE: 4/16/2024 4:09 PM    2024L004147

when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

27.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse.

28.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed.

29.     Unlike other statutes that only create a right of action if there is a data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

30.     As set forth above, Defendant Union Pacific Railroad Company  disregarded Plaintiff's legal rights in violation of BIPA.

31.     Plaintiff was repeatedly exposed to the risks and harmful conditions created by Defendant Union Pacific Railroad Company's violations of BIPA alleged herein.

32.     Plaintiff is entitled to bring suit to redress the violation of his rights under BIPA. *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 129 N.E.3d 1197.

## COUNT I

33.     Plaintiff incorporates paragraphs 1-32.

34.     Defendant Union Pacific Railroad Company  violated 740 ILCS 14/15(b) by failing to obtain informed written consent and releases before obtaining Plaintiff's fingerprints.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Union Pacific Railroad Company  for:

-5-

FILED DATE: 4/16/2024 4:09 PM   2024L004147

FILED DATE: 4/16/2024 4:09 PM   2024L004147

a.   Statutory damages of $5,000 for each willful and/or reckless violation of

BIPA (740 ILCS 14/20(2)) or statutory damages of $1,000 for each negligent

violation of BIPA (740 ILCS 14/20(1));

b.   Reasonable attorneys' fees and costs and other litigation expenses pursuant to

740 ILCS 14/20(3);

c.   Such other or further relief as is appropriate.


*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106 (Cook)

FILED DATE: 4/16/2024 4:09 PM  2024L004147

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

-7-

# EXHIBIT 2



**CT Corporation**
**Service of Process Notification**
04/22/2024
CT Log Number 546260410

## Service of Process Transmittal Summary

**TO:**    Betsy Gassaway, Director Legal Support
Union Pacific Railroad Company
1400 Douglas St
Omaha, NE 68179-0002

**RE:**    **Process Served in Illinois**

**FOR:**    Union Pacific Railroad Company  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | REGINALD CLAY vs. Union Pacific Railroad Company<br>Name discrepancy noted. |
| **CASE #:** | 2024L004147 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/22/2024 at 11:43 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Betsy Gassaway  bsgassaw@up.com |
| | Email Notification,  Kelly Gearhart  kmgearhart@up.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Mon, Apr 22, 2024
**Server Name:**                       Sheriff Drop

| Entity Served | UNION PACIFIC RAILWAY COMPANY |
|---|---|
| Case Number | 2024LA004147 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
|  |  |  |



Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 7/25/2024 9:30 AM

FILED
4/16/2024 4:09 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L004147
Calendar, U
27286719

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

REGINALD CLAY,

_____
Plaintiff(s)

v.

UNION PACIFIC RAILWAY COMPANY,

_____
Defendant(s)

c/o C T Corporation System,
208 S. La Salle St., St. 814 Chicago, IL 60604

_____
Address of Defendant(s)

Case No.  2024L004147

Please serve as follows (check one):  ○ Certified Mail   ◉ Sheriff Service   ○ Process Server

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 4/16/2024 4:09 PM 2024L004147

**Summons - Alias Summons** (03/15/21) CCG 0001 B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 41106
○ Pro Se 99500

Name: Daniel A. Edelman

Atty. for (if applicable):

Plaintiff

Address: 20 S. Clark Street, Ste 1500

City: Chicago

State: IL  Zip: 60603

Telephone: (312) 739-4200

Primary Email: courtecl@edcombs.com

Witness date _____

4/16/2024 4:09 PM IRIS Y. MARTINEZ
_____
Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

FILED DATE: 4/16/2024 4:09 PM 2024L004147

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

## ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

FILED DATE: 4/16/2024 4:09 PM  2024L004147

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 7/25/2024 9:30 AM

FILED
4/16/2024 4:09 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L004147
Calendar, U
27286719

FILED DATE: 4/16/2024 4:09 PM  2024L004147

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

REGINALD CLAY,

_____
Plaintiff(s)

v.

UNION PACIFIC RAILWAY COMPANY,

_____
Defendant(s)

Case No.    2024L004147
_____

c/o C T Corporation System,
208 S. La Salle St., St. 814 Chicago, IL 60604

_____
Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ● Sheriff Service  ○ Process Server

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**  (03/15/21) CCG 0001 B

FILED DATE: 4/16/2024 4:09 PM  2024L004147

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 41106  Witness date _____

○ Pro Se 99500

Name: Daniel A. Edelman  4/16/2024 4:09 PM IRIS Y. MARTINEZ

Atty. for (if applicable):  Iris Y. Martinez, Clerk of Court

Plaintiff  ☐ Service by Certified Mail

Address: 20 S. Clark Street, Ste 1500  ☐ Date of Service: _____

City: Chicago  (To be inserted by officer on copy left with employer or other person)

State: IL  Zip: 60603

Telephone: (312) 739-4200

Primary Email: courtecl@edcombs.com

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 3

FILED DATE: 4/16/2024 4:09 PM  2024L004147

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 7/25/2024 9:30 AM

FILED
4/16/2024 4:09 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L004147
Calendar, U
27286719

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

REGINALD CLAY,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　**2024L004147**
　　　　　　　　　　　　　　　　)
UNION PACIFIC RAILROAD　　　　　)
COMPANY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## COMPLAINT

1.　　Plaintiff Reginald Clay brings this action against Defendant Union Pacific Railroad Company to secure redress for Defendant's unlawful collection, use, storage, and disclosure of Plaintiff's sensitive biometric data.

## PARTIES

2.　　Plaintiff Reginald Clay is an individual who resides in Elgin, Illinois.

3.　　Defendant Union Pacific Railroad Company is a Delaware corporation with its principal place of business in Nebraska. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604-1101.

## FACTS

4.　　Plaintiff is a commercial truck driver.

5.　　On numerous occasions between 2019 and 2024, Plaintiff visited Illinois facilities of Union Pacific Railroad Company to pick up or deliver shipping containers. Plaintiff would arrive in a tractor-trailer, pick up a chassis and container, leave the facility, and deliver the container to its destination. He also would return empty containers/ chassis to the Union Pacific facility.

6.　　Plaintiff was required to register his fingerprint information upon first visiting a Union Pacific facility. Union Pacific used an "Auto-Gate" system for that purpose.

7.　　On each occasion when he entered or exited the Union Pacific facilities, Plaintiff was required to place his fingerprints into a reader, to be matched with the fingerprints on file.

-1-

FILED DATE: 4/16/2024 4:09 PM 2024L004147

FILED DATE: 4/16/2024 4:09 PM   2024L004147

8. No disclosure were provided to Plaintiff about what was done with the information or how or where it was stored or how long it would be retained.

9. Plaintiff was a class member in *Fleury v. Union Pacific Railroad Company*, 20cv390 (N.D.Ill.). Statutes of limitation have been tolled during its pendency.

10. Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendant's – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

11. Unlike ID badges or time cards – which can be changed or replaced if stolen or compromised – biometric identifiers such as fingerprints are permanent.

12. This exposes persons such as Plaintiff to serious and irreversible privacy risks.

13. For example, if a database containing biometric data is hacked, breached, or otherwise exposed, the subjects have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

14. A black market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and a facial photograph – of over a billion Indian citizens. See Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018).

15. Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"), to regulate companies that collect and store biometric data of Illinois citizens.

16. Notwithstanding the clear and unequivocal requirements of the law, Defendant Union Pacific Railroad Company disregarded the statutorily protected privacy rights of persons entering and exiting its facilities and unlawfully collected, stored, disseminated, and used their biometric data in violation of BIPA.

-2-

FILED DATE: 4/16/2024 4:09 PM    2024L004147

17.     Specifically, Defendant Union Pacific Railroad Company has violated and
continues to violate BIPA because it did not:

      a.     Properly inform Plaintiff in writing of the specific purpose and length of
time for which all types of biometric data was being collected, stored,
disseminated, and used, as required by BIPA;

      b.     Receive a written release from Plaintiff to collect, store, disseminate or
otherwise use all types of biometric data, as required by BIPA; and

      c.     Obtain consent from Plaintiff to disclose, redisclose, or otherwise
disseminate all types of biometric data to a third party as required by BIPA.

### BIOMETRIC INFORMATION PRIVACY ACT

18.     In the early 2000s, major national corporations started using Chicago and other
locations in Illinois to test "new applications of biometric-facilitated financial transactions, including
finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c).

19.     In late 2007, a biometric company called Pay by Touch, which provided major
retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions,
filed for bankruptcy. As a result, there was a serious risk that millions of fingerprint records – which,
like other unique biometric identifiers, can be linked to people's sensitive financial and personal data
– could now be sold through the bankruptcy proceedings without adequate protections for Illinois
citizens.

20.     The bankruptcy also highlighted the fact that most consumers who used the
company's fingerprint scanners were completely unaware that the scanners were not actually
transmitting fingerprint data to the retailer who deployed the scanner, but rather to the
now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown
third parties.

21.     Recognizing the "very serious need [for] protections for the citizens of Illinois
when it [came to their] biometric information," Illinois enacted BIPA in 2008. See *Illinois House*

FILED DATE: 4/16/2024 4:09 PM    2024L004147

*Transcript*, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

22.     To ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS 14/20.

23.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

   a.     Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

   b.     Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

   c.     Receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS 14/15(b).

24.     Biometric identifiers include retina and iris scans, voiceprints, fingerprints, and scans of hand and face geometry. 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. Id.

25.     BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. See, e.g., 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. 740 ILCS 14/15(d)(l).

26.     BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 4/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information

-4-

when the initial purpose for collecting such identifiers or information has been satisfied or within

three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS

14/15(a).

27.     The Illinois legislature enacted BIPA due to the increasing use of biometric data

in financial and security settings, the general public's hesitation to use biometric information, and –

most significantly – the unknown ramifications of biometric technology. Biometrics are biologically

unique to the individual and, once compromised, an individual is at heightened risk for identity theft

and left without any recourse.

28.     BIPA provides individuals with a private right of action, protecting their right to

privacy regarding their biometrics as well as protecting their rights to know the precise nature for

which their biometrics are used and how they are being stored and ultimately destroyed.

29.     Unlike other statutes that only create a right of action if there is a data breach,

BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate

biometrics and creates a private right of action for lack of statutory compliance.

30.     As set forth above, Defendant Union Pacific Railroad Company  disregarded

Plaintiff's legal rights in violation of BIPA.

31.     Plaintiff was repeatedly exposed to the risks and harmful conditions created by

Defendant Union Pacific Railroad Company's violations of BIPA alleged herein.

32.     Plaintiff is entitled to bring suit to redress the violation of his rights under BIPA.

*Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 129 N.E.3d 1197.

## COUNT I

33.     Plaintiff incorporates paragraphs 1-32.

34.     Defendant Union Pacific Railroad Company  violated 740 ILCS 14/15(b) by failing

to obtain informed written consent and releases before obtaining Plaintiff's fingerprints.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendant Union Pacific Railroad Company  for:

FILED DATE: 4/16/2024 4:09 PM   2024L004147

FILED DATE: 4/16/2024 4:09 PM   2024L004147

a.    Statutory damages of $5,000 for each willful and/or reckless violation of

BIPA (740 ILCS 14/20(2)) or statutory damages of $1,000 for each negligent

violation of BIPA (740 ILCS 14/20(1));

b.    Reasonable attorneys' fees and costs and other litigation expenses pursuant to

740 ILCS 14/20(3);

c.    Such other or further relief as is appropriate.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com
Atty. No. 41106 (Cook)

-6-

FILED DATE: 4/16/2024 4:09 PM   2024L004147

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


*/s/ Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

-7-

# EXHIBIT 3

District 1

# Case Summary

### Case No. 2024L004147

| | | | |
|---|---|---|---|
| **Reginald Clay-vs-Union Pacific Railroad Company** | § | Location: | **District 1** |
| | § | Judicial Officer: | **Calendar, U** |
| | § | Filed on: | **04/16/2024** |
| | § | Cook County Attorney Number: | **41106** |

---

## Case Information

| | |
|---|---|
| Case Type: | Statutory Action - Non Jury |
| Case Status: | **04/16/2024** **Pending** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2024L004147 |
| Court | District 1 |
| Date Assigned | 04/16/2024 |
| Judicial Officer | Calendar, U |

---

## Party Information

*Lead Attorneys*

**Plaintiff**      **Clay, Reginald**

**EDELMAN, DANIEL A**
*Retained*
312-739-4200(W)
20 South CLARK ST
STE 1500
Chicago, IL 60603

**Defendant**   **Union Pacific Railroad Company**

## Events and Orders of the Court

07/25/2024  **First Time Case Management**  (9:30 AM)  (Judicial Officer: Swanagan, Anthony)
      Resource: Location L1907 Court Room 1907
      Resource: Location D1 Richard J Daley Center

04/24/2024

Summons Served - Corporation/Company/Business
    *Sheriff ID: 20103500, UNKNOWN LITIGANT Sheriff Filename: 2024L00414720103500.pdf*
    Date Served:  04/22/2024

04/16/2024  New Case Filing

04/16/2024  

Statutory Action Complaint Filed
    *Complaint*
    Party:  Plaintiff Clay, Reginald
    Party 2:  Attorney EDELMAN, DANIEL A

04/16/2024

Summons Issued And Returnable
    *Summons as to Union Pacific Railroad Company*
    Party:  Plaintiff Clay, Reginald
    Party 2:  Attorney EDELMAN, DANIEL A