**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REGINALD CLAY, | |
| Plaintiff, | Case No. 24-cv-4194 |
| vs. | District Judge Georgia N. Alexakis |
| UNION PACIFIC RAILROAD COMPANY, | Magistrate Judge Jeffrey N. Cole |
| Defendant. | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S OPPOSED MOTION FOR**
**PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO STRIKE**

Sean M. Berkowitz
Gary Feinerman
Johanna Spellman
Kathryn A. Running
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700

*Counsel for Defendant Union Pacific Railroad*
*Company*

## TABLE OF CONTENTS

I.      INTRODUCTION ..........................................................................................................1

II.     BACKGROUND ............................................................................................................2

      A.     BIPA and *Cothron* ............................................................................................2

      B.     The 2024 Amendment to BIPA ..........................................................................2

      C.     Plaintiff's Claims ..............................................................................................3

III.    ARGUMENT ................................................................................................................4

      A.     A Defendant May Seek Partial Summary Judgment Regarding The
            Damages That The Plaintiff May Recover ............................................................4

      B.     Union Pacific Is Entitled To Partial Summary Judgment Limiting Plaintiff
            To, At Most, One Recovery Under Section 20 For Union Pacific's Alleged
            Multiple Violations Of Section 15(b) ....................................................................5

            1.     Under Illinois Law, Statutory Amendments Impacting The
                    Remedies Available To Plaintiffs Are Applied Retroactively....................5

            2.     The 2024 Amendment Affects Only The Remedies Available
                    Under BIPA, Not The Act's Substantive Provisions, And Thus
                    Applies Retroactively To This Case .........................................................7

            3.     The 2024 Amendment Limits Plaintiff To, At Most, One Recovery
                    Of Damages Under BIPA ..........................................................................8

      C.     In The Alternative, The Court Should Strike Plaintiff's Request For
            Damages For "Each Violation" Of Section 15(b)...................................................9

IV.    CONCLUSION.............................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arendovich Invs., Inc. v. NNR Glob. Logistics, Inc.*,
2017 WL 11540589 (N.D. Ill. Sept. 11, 2017) ...................................................4

*Brandl v. Superior Air-Ground Ambulance Serv., Inc.*,
2012 WL 7763427 (N.D. Ill. Dec. 7, 2012) ......................................................6

*Cothron v. White Castle Sys., Inc.*,
216 N.E.3d 918 (Ill. 2023) .................................................................1, 2, 5, 8

*Dardeen v. Heartland Manor, Inc.*,
710 N.E.2d 827 (Ill. 1999) ...............................................................6, 7

*Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*,
778 F.3d 593 (7th Cir. 2015) ..............................................................4

*Ill. Power Co. v. Duke Eng'g & Servs., Inc.*,
2002 WL 35232810 (N.D. Ill. Mar. 29, 2002)...................................................5

*Jacobson v. Gen. Fin. Corp.*,
592 N.E.2d 1121 (Ill. App. 1992) ........................................................6

*Martin v. Martinez*,
934 F.3d 594 (7th Cir. 2019) .............................................................4

*People v. Atkins*,
838 N.E.2d 943 (Ill. 2005) ..............................................................5

*People v. Glisson*,
782 N.E.2d 251 (Ill. 2002) ..............................................................5

*Perry v. Dep't of Fin. and Prof. Regul.*,
106 N.E.3d 1016 (Ill. 2018) .............................................................5

*Pogorzelska v. VanderCook Coll. of Music*,
2024 WL 1578715 (N.D. Ill. Apr. 11, 2024) ....................................................6, 8

*Sherman v. Cmty. Consol. Sch. Dist. 21 of Wheeling Tp.*,
714 F. Supp. 932 (N.D. Ill. 1989) ........................................................9

*Sky Jet, M.G., Inc. v. Elliott Aviation, Inc.*,
2017 WL 736894 (N.D. Ill. Feb. 24, 2017) .....................................................5

*Tapley v. Lockwood Green Eng'rs, Inc.*,
   502 F.2d 559 (8th Cir. 1974) (per curiam)................................................................9

*Wells v. Bd. of Trs. of Cal. State Univ.*,
   393 F. Supp. 2d 990 (N.D. Cal. 2005)..................................................................9

*White v. Sunrise Healthcare Corp.*,
   692 N.E.2d 1363 (Ill. App. 1998)........................................................................6

## STATUTES

5 ILCS 70/4 ..................................................................................................................5

740 ILCS
   14/1 *et seq.* ...............................................................................................................1
   14/10 ......................................................................................................................3, 7
   14/15 ..........................................................................................................................3
   14/15(b) ............................................................................................................*passim*
   14/20 ..........................................................................................................................7
   14/20(a) .......................................................................................................................2
   14/20(b) ...........................................................................................................3, 4, 7, 8
   14/25 ......................................................................................................................3, 7

Ill. Public Act 103-0769 ......................................................................................1, 3, 7

## RULES

Fed. R. Civ. P.
   12(f)........................................................................................................................1, 9
   56(a) ......................................................................................................................1, 4

Defendant Union Pacific Railroad Company respectfully moves under Federal Rule of Civil Procedure 56(a) for partial summary judgment on Plaintiff Reginald Clay's damages claim—or, in the alternative, under Civil Rule 12(f) to strike the damages claim—insofar as he seeks recovery for "each" of Union Pacific's alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or the "Act").[1]

## I.    INTRODUCTION

In *Cothron v. White Castle Sys., Inc.*, 216 N.E.3d 918 (Ill. 2023), the Supreme Court of Illinois held that a BIPA plaintiff could recover statutory damages for "every scan or transmission of biometric identifiers or biometric information without prior informed consent." *Id.* at 929. In so holding, the Court recognized the potentially annihilative liability that could result from a per-violation damages regime. *Id.* at 928 (noting that White Castle faced $17 billion in potential liability to a class of 9,500 current and former employees). As the Court explained, however, the solution to this obvious problem was legislative action. Specifically, noting that "policy-based concerns about potentially excessive damages awards under the Act are best addressed by the legislature," the Court "respectfully suggest[ed] that the legislature review these policy concerns and make clear its intent regarding the assessment of damages under the Act." *Id.* at 929.

Earlier this year, the General Assembly heeded the Supreme Court's call, amending BIPA's damages provision to limit plaintiffs to "one recovery" for a "single violation" when a defendant wrongfully collected his biometric identifier or information more than once using the same method. *See* Ill. Public Act 103-0769. The question presented by this motion is whether the amendment applies retroactively where, as here, a case was filed before the amendment's effective

---

[1] There are several reasons why Union Pacific is not liable under BIPA and, if there is liability, why Plaintiff is not entitled to any discretionary statutory damages, but this motion is limited to Plaintiff's request for multiple statutory damage recoveries.

date of August 2, 2024.

The answer is yes.  Under settled Illinois precedent, statutory amendments that affect the remedies available to plaintiffs apply retroactively.  Accordingly, because the amendment affects only the remedies available to BIPA plaintiffs, it applies retroactively to this case.

## II.  BACKGROUND

### A.  BIPA and *Cothron*

Plaintiff asserts one claim under Section 15(b) of BIPA, which prohibits private entities from collecting "a person's or a customer's biometric identifier or biometric information" under certain circumstances.  740 ILCS 14/15(b); *see* Union Pacific's Local Rule 56.1 Statement of Undisputed Material Facts ("SUMF") ¶ 7.  Section 20 addresses remedies available under BIPA, providing that a plaintiff "may recover" statutory damages against private entities that violate the Act.  740 ILCS 14/20(a).

In *Cothron*, the Supreme Court of Illinois considered whether a Section 15(b) claim accrues each time a private entity scans a person's biometric identifier, "or only upon the first scan."  216 N.E.3d at 920.  The Court held that "a separate claim accrues under the Act *each time* a private entity scans … an individual's biometric identifier or information in violation of section 15(b) … ."  *Id*. at 928 (emphasis added).  While recognizing that the consequences of its holding "may be harsh, unjust, absurd or unwise," and may lead to "potentially excessive damage awards," the Court explained that those negative consequences "are best addressed by the legislature."  *Id*. at 928, 929.  As noted, the Court went so far as to "respectfully suggest that the legislature review these policy concerns and make clear its intent regarding the assessment of damages under the Act."  *Id*. at 929.

### B.  The 2024 Amendment to BIPA

The Illinois legislature took the Court's respectful suggestion to heart and, earlier this year,

2

amended BIPA in precisely the manner the Court suggested. *See* Ill. Pub. Act 103-0769. Specifically, the legislature amended Section 20—BIPA's remedy provision—to limit a plaintiff to one recovery when the defendant collected the plaintiff's same biometric identifier or information using the same method:

> For purposes of subsection (b) of Section 15, a private entity that, in more than one instance, collects, captures, purchases, receives through trade, or otherwise obtains the *same* biometric identifier or biometric information from the *same* person using the *same* method of collection in violation of subsection (b) of Section 15 has committed a single violation of subsection (b) of Section 15 *for which the aggrieved person is entitled to, at most, one recovery* under this Section.

740 ILCS 14/20(b) (emphases added).

The amendment does not alter the *conduct* BIPA prohibits, *see id*. 14/15; how BIPA *defines* biometric identifiers or biometric information, *see id*. 14/10; or which *entities* are subject to BIPA's requirements, *see id*. 14/10, 14/25. Instead, the amendment alters only the "recovery" to which an "aggrieved person" is entitled. *Id*. 14/20(b). Thus, for example, if a company obtains an employee's "fingerprint" (as the term is understood by BIPA) one thousand times using the same method of collection, and is found to have violated Section 15(b) one thousand times, the employee would be entitled to, "at most, one recovery" under Section 20. The amendment, which has an effective date of August 2, 2024, does not expressly state whether it applies retroactively.

### C. Plaintiff's Claims

Plaintiff, a commercial truck driver, alleges that he visited Union Pacific facilities in Illinois between 2019 and 2024 to "pick up or deliver shipping containers." SUMF ¶ 4. He alleges that "[o]n each occasion when he entered or exited the Union Pacific facilities, [he] was required to place his fingerprints into a reader, to be matched with fingerprints on file." *Id.* ¶ 6. Plaintiff claims that Union Pacific violated Section 15(b) of BIPA each time it allegedly collected his alleged fingerprints. *Id.* ¶ 7. And he seeks "[s]tatutory damages of $5,000 for *each* willful and/or

reckless violation … or statutory damages of $1,000 for *each* negligent violation." *Id*. ¶ 8 (emphases added).

### III.   ARGUMENT

Settled Illinois law holds that a statutory amendment that does not alter the statute's substantive provisions, but instead affects only the remedies available upon violation of the statute's substantive provisions, applies retroactively to suits filed before the amendment's effective date.  Because the 2024 amendment to BIPA is precisely such an amendment, it applies retroactively to this case.  And because Plaintiff alleges that Union Pacific collected his "same biometric identifier or biometric information … using the same method of collection in violation of" Section 15(b), he is "entitled to, at most, one recovery" under Section 20.  740 ILCS 14/20(b). This Court may effectuate that limitation by granting partial summary judgment to Union Pacific or, in the alternative, by striking Plaintiff's request for statutory damages to the extent he seeks a damage award for more than one alleged Section 15(b) violation.

#### A.   A Defendant May Seek Partial Summary Judgment Regarding The Damages That The Plaintiff May Recover

Civil Rule 56(a) provides that summary judgment may be granted as to "part of [a] claim or defense."  Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); *see Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 606 (7th Cir. 2015) (noting that "[n]othing in Rule 56 demands an all-or-nothing approach to summary judgment," and holding that requests for partial summary judgment "are nothing new").  This principle allows a defendant to seek partial summary judgment limiting the potential damages available to a plaintiff.  *See Martin v. Martinez*, 934 F.3d 594, 606 (7th Cir. 2019) (affirming partial summary judgment that cabined the plaintiff's potential damages); *Arendovich Invs., Inc. v. NNR Glob. Logistics, Inc.*,

2017 WL 11540589, at *3 (N.D. Ill. Sept. 11, 2017) (granting defendant's "partial motion for summary judgment limiting … recoverable damages"); *Sky Jet, M.G., Inc. v. Elliott Aviation, Inc.*, 2017 WL 736894, at *11 (N.D. Ill. Feb. 24, 2017) (granting partial summary judgment "that the Contract, as relevant, effectively limited liability for tort damages to the same extent as contract damages"); *Ill. Power Co. v. Duke Eng'g & Servs., Inc.*, 2002 WL 35232810, at *2 (N.D. Ill. Mar. 29, 2002) (granting partial summary judgment "limiting damages" on "two counts").

### B. Union Pacific Is Entitled To Partial Summary Judgment Limiting Plaintiff To, At Most, One Recovery Under Section 20 For Union Pacific's Alleged Multiple Violations Of Section 15(b)

Even if Plaintiff proves that Union Pacific violated Section 15(b) more than once, and even if Plaintiff establishes that he is entitled to statutory damages, *see Cothron*, 216 N.E.3d at 929 (holding that statutory damages are discretionary), the 2024 amendment to BIPA applies retroactively and would entitle him to only one recovery under Section 20.

### 1. Under Illinois Law, Statutory Amendments Impacting The Remedies Available To Plaintiffs Are Applied Retroactively

The 2024 amendment does not expressly say whether it applies retroactively to cases pending at the time of its effective date. Where, as here, "the legislature has not expressly indicated its intent as to [the] temporal reach" of an amendment, Section 4 of the Illinois Statute on Statutes, 5 ILCS 70/4, provides "default" rules. *Perry v. Dep't of Fin. and Prof. Regul.*, 106 N.E.3d 1016, 1026-27 (Ill. 2018); *see also People v. Glisson*, 782 N.E.2d 251, 256 (Ill. 2002) (holding that Section 4 "applies to both outright repeals and amendments"). On the one hand, Section 4 "forbids retroactive application of *substantive* changes to statutes," *Glisson*, 782 N.E.2d at 256 (emphasis added), meaning "amendments … that alter the scope or the [statute's] elements," *People v. Atkins*, 838 N.E.2d 943, 947 (Ill. 2005). On the other hand, "courts can apply retroactively statutory changes to procedural or *remedial* provisions." *Glisson*, 782 N.E.2d at 257 (emphasis added); *see*

*also Pogorzelska v. VanderCook Coll. of Music*, 2024 WL 1578715, at *3 (N.D. Ill. Apr. 11, 2024) ("Changes to remedies are considered procedural under Illinois law."); *Brandl v. Superior Air-Ground Ambulance Serv., Inc.*, 2012 WL 7763427, at *2 (N.D. Ill. Dec. 7, 2012) (retroactively applying an Illinois statutory amendment because it "affects only the remedy available for a violation of the substantive provisions of the statute").

*Dardeen v. Heartland Manor, Inc.*, 710 N.E.2d 827 (Ill. 1999), illustrates application of these principles. There, the Supreme Court of Illinois was asked to determine "whether an amendment to section 3-602 of the Nursing Home Care (Act) … should be given retroactive effect." *Id.* at 828. The amendment "repealed [a] treble damages provision" in the Nursing Home Care Act, thereby "limit[ing] recovery for violations of the Act to actual damages, costs, and attorney fees." *Id.* at 828-29. The Court considered whether the plaintiff had a "vested right" in the treble damages provision, such that the provision's repeal could not be applied retroactively to pending cases. *Id.* at 830 (quotations omitted). The Court held that the plaintiff had no such right, reasoning "that because the amendment … affects *only the procedures and remedies* used to enforce a plaintiff's rights"—that is, because "[t]he grounds for recovery have remained unchanged," meaning that the "plaintiff's substantive rights have also remained unaffected," *id*. at 832—the amendment applied retroactively to pending cases. *Id.* at 831 (emphasis added); *see also White v. Sunrise Healthcare Corp*., 692 N.E.2d 1363, 1365-67 (Ill. App. 1998) (retroactively applying same amendment, reasoning that "plaintiff has no vested right to a statutory penalty" and "there can be no vested right in any particular remedy or method of procedure"); *Jacobson v. Gen. Fin. Corp.*, 592 N.E.2d 1121, 1129-30 (Ill. App. 1992) (finding that plaintiffs had no vested rights in statutory penalties).

2.    **The 2024 Amendment Affects Only The Remedies Available Under BIPA, Not The Act's Substantive Provisions, And Thus Applies Retroactively To This Case**

The 2024 amendment to BIPA affects only the remedies available to plaintiffs and does nothing to alter the Act's substantive provisions. Specifically, the amendment leaves unchanged Section 15, which sets forth the conduct that violates BIPA. *See* 740 ILCS 14/15(b) (prohibiting a private entity from "collect[ing]" or "captur[ing]" biometric data). Nor does the amendment affect the kind of data covered by the Act, *see id*. 14/10 (defining "biometric information" and "biometric identifier"), or the entities regulated by the Act, *see id*. (defining "private entity"); *id*. 14/25 (providing that the Act does not apply to certain private entities). Instead, the amendment impacts only Section 20, the Act's remedial provision, and (pertinent here) only the remedy available to plaintiffs who prove that the defendant committed more than one violation of Section 15(b) by collecting the same biometric identifier or information using the same method. *See id*. 14/20(b). Thus, as in *Dardeen*, because the amendment does not alter in any way "the elements of a violation" of the Act, 710 N.E.2d at 832, it applies retroactively.

The amendment's text confirms that it affects only the remedy available to BIPA plaintiffs, and not the Act's substantive provisions. By its terms, the amendment targets the "right of action" codified in Section 20. Ill. Public Act 103-0769 (amending the "right of action" under 740 ILCS 14/20). And the text codified at Section 20(b) expressly focuses on a plaintiff's "recovery" under the Act. 740 ILCS 14/20(b). Specifically, Section 20(b) provides that where a private entity collects the "same" biometric data "from the same person using the same method of collection … the aggrieved person is entitled to, at most, *one recovery under this Section*." *Id.* (emphasis added). The amendment therefore serves only to cap the damages an "aggrieved person" can "recover[]," making clear that it affects only "remedies" and not BIPA's substantive provisions. *See Dardeen*, 710 N.E.2d at 832 (holding that a party lacks any vested right "to a particular … remedy");

*Pogorzelska*, 2024 WL 1578715, at *3 (applying provision retroactively because "[c]hanges to remedies are considered procedural under Illinois law").

The analysis could stop here, but it bears mention that the context of the 2024 amendment's consideration and enactment further confirms that it is remedial, not substantive. The General Assembly enacted the amendment directly in the wake of the state supreme court's call for it to "review the[] policy concerns" raised by "excessive damage[s] awards under the Act" and to "make clear its intent regarding the assessment of *damages*." *Cothron*, 216 N.E.3d at 929 (emphasis added). Put another way, the legislature followed the Court's "respectful[] suggest[ion]" that it amend the statute to address the damages regime set forth in the pre-amendment version of BIPA. *Id.* It did so by directly amending Section 20, the Act's remedial provision.

In sum, because the 2024 amendment altered only BIPA's Section 20 remedial provision, it applies retroactively to this case.

> **3.   The 2024 Amendment Limits Plaintiff To, At Most, One Recovery Of Damages Under BIPA**

As noted, the 2024 amendment caps a plaintiff's damages "to, at most, one recovery under" Section 20 where the defendant allegedly collected the plaintiff's "same biometric identifier or biometric information … using the same method of collection" in violation of Section 15(b). 740 ILCS 14/20(b). Here, Plaintiff alleges that Union Pacific repeatedly collected his same alleged biometric identifiers or information using the same method. *See* SUMF ¶ 6 ("'[O]n each occasion when [Plaintiff] entered or exited' Union Pacific's Illinois facilities, he 'was required to place his fingerprints into a reader, to be matched with the fingerprints on file.'" (quoting Dkt. 1-1 ¶ 7)). Yet Plaintiff seeks "[s]tatutory damages … for each … violation." *Id.* ¶ 8.

The 2024 amendment, codified at Section 20(b), bars Plaintiff from seeking those multiple recoveries. Accordingly, this Court should grant Union Pacific partial summary judgment limiting Plaintiff to, at most, one recovery under Section 20.

> **C.    In The Alternative, The Court Should Strike Plaintiff's Request For Damages For "Each Violation" Of Section 15(b)**

Alternatively, if the Court concludes that partial summary judgment is not the right vehicle for seeking the relief sought by this motion, Union Pacific moves in the alternative under Rule 12(f) to strike Plaintiff's request for damages based on "each … violation" of BIPA. Dkt. 1-1 ¶ 34(a). Courts have the authority to strike requests for damages where such damages cannot be awarded as a matter of law. *See Sherman v. Cmty. Consol. Sch. Dist. 21 of Wheeling Tp.*, 714 F. Supp. 932, 937-38 (N.D. Ill. 1989) (striking a claim for punitive damages under Rule 12(f)); *Wells v. Bd. of Trs. of Cal. State Univ.*, 393 F. Supp. 2d 990, 994 (N.D. Cal. 2005) ("A Rule 12(f) motion may be used to strike a prayer for relief when the damages sought are not recoverable as a matter of law."); *Tapley v. Lockwood Green Eng'rs, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) (per curiam) (similar). Because, for the reasons set forth above, Plaintiff's demand for more than one recovery under BIPA fails as a matter of law under the 2024 amendment, the demand should be stricken.

## IV.    CONCLUSION

The Court should grant Union Pacific partial summary judgment and limit Plaintiff's available damages to, at most, "one recovery" for a "single violation" of BIPA. Alternatively, the Court should strike Plaintiff's request for damages based on "each … violation" of BIPA.

*            *            *

Counsel for Union Pacific conferred with Plaintiff's counsel, who indicated that Plaintiff opposes the relief requested in this Motion. Union Pacific and Plaintiff respectfully propose the following briefing schedule on this disputed Motion:

- Plaintiff's Opposition filed December 2, 2024;

- Union Pacific's Reply filed December 16, 2024.

Dated: November 4, 2024     Respectfully submitted,

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for
Defendant Union Pacific Railroad Company

Sean M. Berkowitz (Illinois Bar No. 6209701)
 sean.berkowitz@lw.com
Gary Feinerman (Illinois Bar No. 6206906)
 gary.feinerman@lw.com
Johanna Spellman (Illinois Bar No. 6293851)
 johanna.spellman@lw.com
Kathryn A. Running (Illinois Bar No. 6330369)
 kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Counsel for Defendant Union Pacific Railroad
Company*

## CERTIFICATE OF SERVICE

I, Johanna Spellman, hereby certify that on November 4, 2024, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which provides service to all counsel of record.

Dated: November 4, 2024

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for
Defendant Union Pacific Railroad Company

Johanna Spellman (Illinois Bar No. 6293851)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: johanna.spellman@lw.com