UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD CLAY, <br><br> Plaintiff, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant. | No. 24 CV 4194 <br><br> Judge Georgia N. Alexakis |

## ORDER

Reginald Clay brought this suit against Union Pacific Railroad Company ("Union Pacific), alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Union Pacific moves for partial summary judgment, arguing that in light of a recent amendment to BIPA—signed into law as Public Act 103-0769 on August 2, 2024—Clay is entitled to recover for a single BIPA violation at most. [37] at 4–8; *see* 740 ILCS 14/20 (amended August 2, 2024).

For the reasons set forth below, the amendment is not retroactive and Union Pacific's motion for partial summary judgment [37] is therefore denied.

## STATEMENT

Clay's claims against Union Pacific rely on a "per scan" theory of BIPA violation. *See Cothron v. White Castle Sys., Inc.*, 2023 IL 128004 ¶ 24. Under this theory, each scan of his biometric information was a separate and independent BIPA violation. The amendment did away with this kind of "per scan" violation, so if Clay filed suit today, he would only be entitled to a single recovery. But the parties disagree over whether the amendment applies to pending cases. [37] at 5–8; [42] at 2–7.

For the reasons explained in *Schwartz v. Supply Network, Inc.*, in which the Court considered that question in the context of a motion to dismiss for lack of subject jurisdiction, the amendment is not retroactive. *Schwartz v. Supply Network, Inc.*, No. 23 CV 14319, 2024 WL 4871408 (N.D. Ill. Nov. 22, 2024).[1] As a result, the *Cothron* "per scan" theory still applies to this case, and Clay can thus potentially recover for multiple violations of BIPA.

---

[1] The Court recognizes that its *Schwartz* decision issued after Union Pacific filed its motion.

In its reply, Union Pacific "respectfully asks this Court to reach a different result here" than in *Schwartz*. [44] at 1. But while Union Pacific is correct that the *Schwartz* decision is not binding, *see id.* (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011), the Court sees no reason to depart from its earlier ruling on the issue of retroactivity. Other courts in the Northern District of Illinois have since agreed with *Schwartz. See Gregg v. Cent. Transp. LLC*, No. 24 C 1925, 2025 WL 907540, at *2 (N.D. Ill. Mar. 21, 2025) ("While the line between substance and procedure can sometimes be unclear, I agree with the *Schwartz* court's view"); *see also Giles v. Sabert Corp.*, 24 C 2996, 2025 WL 274326, at *4 (N.D. Ill. Jan. 21, 2025) ("This Court agrees with *Schwartz* and the reasoning contained therein, and so adopts its analysis here."). And Clay identifies a number Illinois state courts that have since conclude the amendment is not retroactive. *See* [42] at 6 (listing cases); [42-1]. While these cases are also not binding on the Court, Union Pacific has identified none that reach a different result.

Union Pacific instead relies on *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007), to argue that under Illinois law the amendment is not substantive and should therefore be applied retroactively. [44] at 5–6. But *Schwartz*—and Clay—rely instead on the Illinois Supreme Court's more recent *Perry v. Dep't of Fin. & Prof'l Regulation*, 2018 IL 122349, which sought to streamline the "convoluted and muddled evolution" of Illinois law on retroactivity. *Id.* ¶ 38; [42] at 2–7. And Union Pacific does not provide a convincing explanation of why the Court's application of *Perry* in *Schwartz* bears revisiting.

In the alternative, Union Pacific moves to strike Clay's request for damages for "each … violation of BIPA" under Federal Rule of Civil Procedure 12(f). [37] at 9. But this argument also relies on the retroactivity of the amendment. Since the amendment is not retroactive, the Court cannot conclude that Clay's "demand for more than one recovery under BIPA fails as a matter of law," *id.*, and thus also denies the motion to strike.

Date: 4/10/25

_____
Georgia N. Alexakis
U.S. District Judge