**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REGINALD CLAY, | |
| Plaintiff, | Case No. 1:24-cv-4194 |
| vs. | District Judge Georgia N. Alexakis |
| UNION PACIFIC RAILROAD COMPANY, | Magistrate Judge Jeffrey N. Cole |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to this Court's February 10, 2025, Order (Dkt. 48), Plaintiff Reginald Clay ("Plaintiff") and Defendant Union Pacific Railroad Company ("Union Pacific"), by and through their undersigned counsel, respectfully submit this joint status report on their discovery progress.

1. On April 17, 2024, Plaintiff filed a Complaint against Union Pacific alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"). Dkt. 1-1. On May 21, 2024, Union Pacific removed the case to this Court. Dkt. 1, 7.

2. On September 27, 2024, Union Pacific filed an Answer and Defenses. Dkt. 31.

3. On November 4, 2024, Union Pacific filed a Motion for Partial Summary Judgment or, in the Alternative, to Strike. Dkt. 37. Plaintiff filed a Response in opposition to Union Pacific's motion on December 2, 2024. Dkt. 42. Union Pacific filed a Reply on December 16, 2024. Dkt. 44. The Court denied the Motion on April 10, 2025. Dkt. 55.

4. The parties, respectively, have propounded their First Sets of Discovery Requests and received the opposing party's responses and objections. Plaintiff propounded a Second Set of Discovery Requests and received Union Pacific's responses and objections.

1

5. On February 5, 2025, the parties' counsel met to discuss the discovery responses received to date.

6. On March 12, 2025, the parties submitted an Agreed Motion to Enter Confidentiality Order. Dkt. 49. On March 13, 2025, the Court granted this motion and entered the parties' Agreed Confidentiality Order. Dkt. 53.

7. On March 26, 2025, the parties' counsel met and conferred telephonically to discuss the possibility of settlement and next steps regarding supplementation of Union Pacific's discovery responses.

8. On March 31, 2025, Union Pacific produced over 5,100 pages of documents in response to Plaintiff's discovery requests. Union Pacific will continue to produce documents on a rolling basis.

9. Plaintiff's Position: While Plaintiff is hopeful to receive the discovery materials and supplemented responses, it is Plaintiff's position that additional enforcement may be necessary to ensure the required materials are produced subsequent to entry of the protective order. Such materials and information were requested months ago, and, although delayed by entry of the protective order, Union Pacific has not yet produced all relevant materials and has not supplemented its written responses to Plaintiff's discovery requests. It is thus unclear whether additional enforcement may be needed at this time.

10. Union Pacific's Position: Union Pacific is making rolling productions of the documents it has agreed to produce, and Plaintiff has not challenged the scope of what Union Pacific has agreed to produce in response to Plaintiff's requests for production. As Union Pacific made clear to Plaintiff, the materials that Plaintiff requested include commercial and other types of sensitive information requiring the protections of a confidentiality order before being produced.

Plaintiff filed the parties' joint motion for entry of a confidentiality order on March 12; the agreed confidentiality order was entered on March 13; and Union Pacific began its rolling productions with a substantial production of over 5,100 pages of documents shortly thereafter. In addition, as Union Pacific has informed Plaintiff, Union Pacific soon will serve its supplemental written discovery response. Accordingly, contrary to Plaintiff's submission, there is no basis for Plaintiff to seek "additional enforcement" of anything. Union Pacific has also raised deficiencies with Plaintiff's discovery responses and is actively working to resolve those issues without Court assistance, if possible.

11. There are no additional matters the parties believe should be brought to the Court's attention at this time.

Respectfully submitted,

| | |
|---|---|
| */s/ Alexandra Huzyk* | */s/ Johanna Spellman (with consent)* |
| Daniel A. Edelman | Sean M. Berkowitz |
| Dulijaza (Julie) Clark | Gary Feinerman |
| Alexandra Huzyk | Johanna Spellman |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | Kathryn A. Running LATHAM & WATKINS LLP |
| 20 S Clark Street, Suite 1800 | 330 N Wabash Avenue, Suite 2800 |
| Chicago, IL 60603 | Chicago, IL 60611 |
| (312) 739-4200 | sean.berkowitz@lw.com |
| (312) 419-0379 (FAX) | gary.feinerman@lw.com |
| courtecl@edcombs.com | johanna.spellman@lw.com |
| | kathryn.running@lw.com |
| *Counsel for Plaintiff* | *Counsel for Union Pacific Railroad Company* |

## **CERTIFICATE OF SERVICE**

      Alexandra Huzyk certifies that on April 10, 2025, this document was filed by ECF, which shall cause a copy to be sent to each attorney of record including:

Sean M. Berkowitz - sean.berkowitz@lw.com
Gary Feinerman - gary.feinerman@lw.com
Johanna Spellman - johanna.spellman@lw.com
Kathryn A. Running - kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611

                                                  *s/ Alexandra Huzyk*
                                                  Alexandra Huzyk