IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD CLAY, | |
| Plaintiff, | Case No. 24-cv-4194 |
| v. | District Judge Georgia N. Alexakis |
| UNION PACIFIC RAILROAD COMPANY, | Magistrate Judge Jeffrey N. Cole |
| Defendant. | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S OPPOSED MOTION TO CERTIFY THE COURT'S APRIL 10, 2025 ORDER FOR INTERLOCUTORY APPEAL**

Pursuant to 28 U.S.C. § 1292(b) and Appellate Rule 5(a)(3), Defendant Union Pacific Railroad Company respectfully moves the Court to certify for interlocutory appeal its order denying Union Pacific's motion for partial summary judgment. Dkt. 55.

## I. INTRODUCTION

Union Pacific's motion for partial summary judgment presented the purely legal question of whether the 2024 amendment to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or the "Act")—which limits a plaintiff to "one recovery" when a defendant wrongfully collects their biometric identifier or information more than once using the same method, *see* Ill. Public Act 103-0769—applies retroactively to pending cases. This Court held that the amendment does not apply retroactively because it effectuated a substantive, rather than procedural, change. Dkt. 55. Interlocutory appellate review of this contestable question would promote the efficient resolution of this case and clarify the law applicable to dozens, if not hundreds, of BIPA cases pending in this District. Union Pacific therefore requests that this Court certify its order for immediate appeal under 28 U.S.C. § 1292(b).

The order satisfies Section 1292(b)'s criteria. *First*, whether the 2024 amendment applies retroactively is a controlling and pure question of law. *Second*, the retroactivity question is contestable, thus presenting a substantial ground for difference of opinion. *Third*, certifying the order for interlocutory appeal, and allowing the Seventh Circuit the opportunity to definitively resolve the retroactivity question, will materially shape the stakes of the case and thus the course of this litigation—as well as the prospects for settlement.

## II.     ARGUMENT

Section 1292(b) requires certification of interlocutory orders for immediate appeal if three statutory criteria are met. *See Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014) ("[W]hen the statutory criteria are met, the District Court has a duty to allow the appeal.") (citing *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)). *First*, the order must "involve[] a controlling question of law." 28 U.S.C. § 1292(b). A "question of law" is a question "about 'the meaning of a statutory or constitutional provision, regulation, or common law doctrine,'" and "[a] question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sterk v. Path, Inc.*, 2014 WL 8813657, at *1-2 (N.D. Ill. Aug. 8, 2014) (citations omitted). *Second*, the question of law must be subject to "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). This is not a high standard; the question need only be "contestable." *Sterk*, 2014 WL 8813657, at *2. *Third*, certification is warranted when "an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), including by heading off or reducing costly discovery and judicial proceedings, *see Sterk*, 2014 WL 8813657, at *3.

A. **Whether The BIPA Amendment Applies Retroactively Is A Controlling Question Of Law**

In moving for partial summary judgment, Union Pacific argued that the BIPA amendment effected a remedial change, altering only the number of times an "aggrieved person" can "recover[]" under Section 20, 740 ILCS 14/20, the Act's remedy provision. Dkt. 37 at 5-9. In denying Union Pacific's motion, this Court's order adopted the reasoning in *Schwartz v. Supply Network, Inc.*, 2024 WL 4871408 at *3-5 (N.D. Ill. Nov. 22, 2024), which held that the BIPA amendment is substantive, not remedial, and thus does not apply retroactively. Dkt. 55 at 1.

The Court's holding rests on "a controlling question of law" whose immediate appellate resolution "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A "question of law" means "a question of the meaning of a statutory or constitutional provision." *Ahrenholz*, 219 F.3d at 676; *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010) ("abstract legal question[s]" are controlling under § 1292(b)). A question need not "dispose of a case" to qualify as controlling. *See In re Brand Name Prescription Drug Antitrust Litig.*, MDL 997, 1998 WL 808992, at *5 (N.D. Ill. Nov. 17, 1998) (quotations and citation omitted). Indeed, a ruling "which substantially limit[s] the damages the plaintiffs [could have] recover[ed]" can be a "controlling question of law." *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2005 WL 327058, at *2 (N.D. Ill. Feb. 3, 2005).

Whether the BIPA amendment applies retroactively is a pure question of statutory interpretation, turning solely on Illinois retroactivity principles, that "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677. An appellate ruling that the amendment applies retroactively would "substantially limit the damages" that Plaintiff could recover in this case. *Hollinger Int'l*, 2005 WL 327058, at *2. Plaintiff alleges that Union Pacific collected his "same biometric identifier or biometric information … using the

3

same method of collection in violation of" Section 15(b). 740 ILCS 14/20(b); *see also* Dkt. 37 at 3-4 (summarizing Plaintiff's allegations). If the Seventh Circuit agreed with Union Pacific that Plaintiff is "entitled to, at most, one recovery" under Section 20, that holding would undoubtedly shape the litigation going forward, as it would render irrelevant certain types of evidence, including expert testimony regarding the facts and circumstances surrounding each occasion on which Plaintiff allegedly had his finger scanned; and whether the technology at issue captured "biometric identifiers" or "biometric information" every time a scan occurred, or whether any such information vanished virtually instantaneously. Because "[t]he course of the litigation depends on" whether the BIPA amendment applies retroactively, the Court's order presents a controlling question of law. *See Sterk*, 2014 WL 8813657, at *1; *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) ("[A] question is controlling … if interlocutory reversal might save time for the district court, and time and expense for the litigants."); *Hollinger Int'l*, 2005 WL 327058, at *2.

### B. There Exists A Substantial Ground For Difference Of Opinion As To Whether The BIPA Amendment Applies Retroactively

There is a substantial ground for a difference of opinion on the question whether the BIPA amendment applies retroactively; that is, "there are contestable controlling legal questions raised by the [Court's] order[]." *FTC v. Walmart Inc.*, 2024 WL 5054916, at *1 (N.D. Ill. Oct. 18, 2024); *see also In re Turkey Antitrust Litig.*, 2024 WL 5440057, at *1 (N.D. Ill. Oct. 16, 2024) (certifying an issue for interlocutory review that was "a valid contestable question, hotly debated by both parties"); *Sterk*, 2014 WL 8813657, at *2 (similar).

Although several decisions hold that the 2024 BIPA amendment does not apply retroactively, there is no controlling precedent and the Seventh Circuit "might reasonably side" with Union Pacific. *In re Lion Air Flight JT 610 Crash*, 2023 WL 3653217, at *6 (N.D. Ill. May 25, 2023). A pair of decisions from Judge Bucklo tangibly illustrates there is substantial

4

ground for difference of opinion on the issue. In November 2024, Judge Bucklo held that the amendment applies to pending cases. *See Gregg v. Cent. Transp. LLC*, 2024 WL 4766297 (N.D. Ill. Nov. 13, 2024). On reconsideration, Judge Bucklo vacated her prior order, holding that the amendment cannot be applied retroactively to pending cases. *Gregg v. Cent. Transp. LLC*, 2025 WL 907540, at *1 (N.D. Ill. Mar. 21, 2025).

There are sound reasons to reasonably anticipate that the Seventh Circuit may conclude that the BIPA amendment is retroactive. In *Thomas v. Guardsmark*, 487 F.3d 531, 537 (7th Cir. 2007), the Seventh Circuit explained that in assessing retroactivity under Illinois law, the touchstone is whether a statutory amendment is "concerned with directing behavior outside of the courtroom." When statutory changes affect behavior beyond the courtroom, such changes are substantive and do not apply retroactively—but when statutory changes affect only what happens *inside* the courtroom (*i.e.*, what remedies a plaintiff may recover for substantive violations of the law), such changes apply retroactively. *See id.* Here, because the BIPA amendment affects only the damages Plaintiff may recover, it applies retroactively under Illinois law.

The approach the Seventh Circuit adopted in *Thomas* mirrors how the Illinois Supreme Court has framed the retroactivity question, focusing on whether a change is "procedural or remedial," in which case it applies retroactively, or whether it is "substantive," in which case it does not. *People v. Glisson*, 782 N.E.2d 251, 257 (Ill. 2002); *see also Perry v. Dep't of Fin. and Pro. Regul.*, 106 N.E.3d 1016, 1027 (Ill. 2018) (reaffirming the approach set forth in *Glisson*). Because the BIPA amendment leaves unchanged the "elements" of what constitutes a substantive "violation" of BIPA, and because it "limit[ed] recovery for violations of the Act" in a manner that affects only the "remedies used to enforce a plaintiff's rights," it applies retroactively. *Dardeen v. Heartland Manor, Inc.*, 710 N.E.2d 827, 829, 831-32 (Ill. 1999); *see also Brandl v. Superior*

5

*Air-Ground Ambulance Serv., Inc.*, 2012 WL 7763427, at *2 (N.D. Ill. Dec. 7, 2012) (retroactively applying an Illinois statutory amendment because it "affects only the remedy available for a violation of the substantive provisions of the statute").

Thus, given Seventh Circuit and Illinois Supreme Court precedent, the abstract legal question of whether the BIPA amendment applies retroactively is a "contestable controlling legal question[] raised by" this Court's order, *Walmart*, 2024 WL 5054916, at *1, and the Seventh Circuit may "reasonably side" with Union Pacific, *Lion Air*, 2023 WL 3653217, at *6.

### C. An Immediate Appeal Will Materially Advance the Termination Of This Litigation

Finally, certification is appropriate because "an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original). That is not a high bar, as the Seventh Circuit has explained that the resolution of issues that may facilitate "settlement" and lessen the chance of "protract[ing] the litigation" meet the mark. *Id.*; *see also Lion Air*, 2023 WL 3653217, at *6 (explaining that "promotion of settlement by way of clearing uncertainty" is enough to satisfy Section 1292(b)).

That certainly is the case where, as here, the retroactivity question is likely the entire ballgame. If, as Union Pacific contends, Plaintiff can recover for—at most—a *single* scan of his alleged biometric information, the damages in this case will be significantly limited. Such a holding would minimize, if not eliminate, discovery and litigation regarding each occasion on which Plaintiff allegedly had his finger scanned and whether "biometric identifiers" or "biometric information" were captured every time his finger was scanned, or whether any such information vanished virtually instantaneously. It also would promote settlement by dramatically reducing the stakes of the case. By contrast, continued "uncertainty" about the retroactivity of the BIPA

6

amendment "may delay settlement … and by doing so further protract the litigation," which by itself is "enough to satisfy the 'may materially advance' clause" of § 1292(b). *Sterk*, 672 F.3d at 536.

### III. CONCLUSION

This Court should certify its April 10, 2025 order (Dkt. 55) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Appellate Rule 5(a)(3).

\* \* \*

Counsel for Union Pacific conferred with Plaintiff's counsel, who indicated that Plaintiff opposes the relief requested in this Motion. Union Pacific and Plaintiff respectfully propose the following briefing schedule on this disputed Motion:

- Plaintiff's Opposition filed May 22, 2025;
- Union Pacific's Reply filed May 29, 2025.

Dated: May 8, 2025

Respectfully submitted,

/s/ *Johanna Spellman*
Johanna Spellman, One of the Attorneys for
Defendant Union Pacific Railroad Company

Sean M. Berkowitz (Illinois Bar No. 6209701)
 sean.berkowitz@lw.com
Gary Feinerman (Illinois Bar No. 6206906)
 gary.feinerman@lw.com
Johanna Spellman (Illinois Bar No. 6293851)
 johanna.spellman@lw.com
Kathryn A. Running (Illinois Bar No. 6330369)
 kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Counsel for Defendant Union Pacific Railroad Company*

**CERTIFICATE OF SERVICE**

      I, Johanna Spellman, hereby certify that on May 8, 2025, I caused a copy of the foregoing to be filed using the Court's CM/ECF system, which provides service to all counsel of record.

Dated: May 8, 2025                        /s/ *Johanna Spellman*
                                           Johanna Spellman, One of the Attorneys for
                                           Defendant Union Pacific Railroad Company

                                           Johanna Spellman (Illinois Bar No. 6293851)
                                           LATHAM & WATKINS LLP
                                           330 North Wabash Avenue, Suite 2800
                                           Chicago, Illinois 60611
                                           Telephone: (312) 876-7700
                                           Facsimile: (312) 993-9767
                                           Email: johanna.spellman@lw.com