**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REGINALD CLAY,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | Case No. 1:24-cv-4194<br><br>District Judge Georgia N. Alexakis<br><br>Magistrate Judge Jeffrey N. Cole |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY THE COURT'S APRIL 10, 2025 ORDER FOR INTERLOCUTORY APPEAL**

Plaintiff Reginald Clay ("Plaintiff") responds as follows in opposition to Defendant Union Pacific's ("Defendant") Motion to Certify the Court's April 10, 2025 Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b).

## I. INTRODUCTION

Defendant asks this Court to deviate from the ordinary course of litigation by certifying the following question for interlocutory appeal: "whether the 2024 amendment to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ('BIPA' or the 'Act')—which limits a plaintiff to 'one recovery' when a defendant wrongfully collects their biometric identifier or information more than once using the same method, *see* Ill. Public Act 103-0769—applies retroactively to pending cases." (Dkt. 58, pg. 1) This Court should deny Defendant's Motion because: (1) Defendant's motion is untimely and representative of an ongoing pattern of delay; and (2) the issue is not "contestable" within the meaning of Section 1292(b).

## II. ARGUMENT

In determining whether to certify an order for interlocutory appeal under Section 1292(b),

the district court must evaluate five requirements. The first four requirements are statutory, as outlined by Section 1292(b): "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000). The fifth requirement is nonstatutory: "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.* "Interlocutory appeals are generally 'frowned on' in the federal judicial system because of their potential to interrupt and delay litigation." *Green v. Meeks*, No. 20-cv-00463-SPM, 2023 U.S. Dist. LEXIS 177355, at *3 (S.D. Ill. Oct. 2, 2023) (citing *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012)).

In the present case, Defendant failed to meet two of the five requirements for certification. Its motion to certify the April 10, 2025, order must therefore be denied.

**A. The Defendant's Motion is Untimely and Representative of an Ongoing Pattern of Delay.**

Defendant failed to submit its motion in a reasonable time. "With regard to timeliness, the standard in the Seventh Circuit is that [a section 1292(b) motion] should be filed promptly after the original order unless a good reason for the delay is given." *Id.* at 5 (citing *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990)). Although there is no fixed time period established by Section 1292(b), "requests filed more than a month or so after the order sought to be appealed are often deemed untimely." *Id.*; *see, e.g.*, *Sterk v. Path, Inc.*, No. 13 CV 2330, 2014 U.S. Dist. LEXIS 183878, 2014 WL 8813657, at *3 (N.D. Ill. Aug. 8, 2014) (delay of two weeks timely); *Csx Transportation, Inc. v. Zayo Group LLC*, 2024 U.S. DIST. CT. MOTIONS LEXIS 117719 (S.D. Ind. June 17, 2024) (45-day delay without justification considered untimely); *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 U.S. Dist. LEXIS 16022, 2002 WL 1989401, at *1 (N.D. Ill. Aug. 27, 2002) (two month delay considered "inexcusably dilatory"); *Morton Coll.*

*Bd. of Trustees of Illinois Cmty. Coll. Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (month delay untimely). Under no circumstance should a district judge grant an "inexcusably dilatory request." *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958, 2000 U.S. App. LEXIS 1176, *2 (7th Cir. 2000).

Here, Defendant's request to certify the April 10, 2025, order for interlocutory appeal is untimely. Defendant filed its motion 28 days after the order at issue was entered. (Dkt. 58) Notably, Defendant does not provide justification for why the motion was not filed promptly after the Court's April 10, 2025, order was entered. In fact, there is no legitimate excuse for Defendant's delay.

Rather, Defendant's motion is illustrative of an ongoing pattern of delay. For example, Plaintiff propounded his First Discovery Requests on November 8, 2024. Defendant responded with blanket objections and promised to supplement its responses after entry of a confidentiality order. Accordingly, Plaintiff drafted a confidentiality order and continued to follow up with Defendant to ensure it was both agreed upon and entered; this relatively straightforward process took nearly three months. It was not until after entry of the confidentiality order on March 13, 2025, (Dkt. 49), that Defendant disclosed to Plaintiff crucial—and, notably, non-confidential—information requested months prior. More than two months have passed since entry of the confidentiality order, and Defendant continues to produce staggered, supplemental discovery responses and materials.

Considering this background, Defendant's motion is simply another tactic which may lead to protracted litigation. As such, the Court should deny Defendant's motion because the 28-day delay is both untimely and unjustified.

**B. The Issue is Not "Contestable" Within the Meaning of Section 1292(b).**

In addition to the untimeliness of Defendant's motion, Defendant fails to show how the issue of whether the BIPA amendment applies retroactively is contestable. An issue is "contestable" within the meaning of Section 1292(b) "if there are substantial, conflicting decisions regarding the claimed controlling issue of law or the question is not settled by controlling authority, and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Dale v. Deutsche Telekom AG*, 2024 U.S. Dist. LEXIS 54985, *7 (N.D. Ill. Mar. 27, 2024) (citing *Yost v. Carroll*, No. 20 C 5393, 2022 U.S. Dist. LEXIS 10473, *4 (N.D. Ill. Jan. 20, 2022)).

To begin, there are no substantial, conflicting decisions regarding the issue of law. Defendant cites Judge Bucklo's rulings for the proposition that there is substantial ground for difference of opinion on the issue. *See Gregg v. Cent. Transp. LLC*, 2024 WL 4766297, 2024 U.S. Dist. LEXIS 20 C 003 (N.D. Ill. Nov. 13, 2024); *Gregg v. Cent. Transp. LLC*, 2025 WL 907540, at *1, 2025 U.S. Dist. LEXIS 53731 (N.D. Ill. Mar. 21, 2025). However, Judge Bucklo's reconsideration of her initial, erroneous decision only emphasizes that the Court's April 10, 2025, order was correctly reasoned. Although the issue has not been addressed by the Seventh Circuit or the Supreme Court, judges within the Northern District of Illinois and Illinois state courts have overwhelmingly held that the BIPA amendment does not apply retroactively to pending cases. *See Schwartz v. Supply Network, Inc.*, No. 23 CV 14319, 2024 U.S. Dist. LEXIS 213002, 2024 WL 4871408 (N.D. Ill. Nov. 22, 2024); *Giles v. Sabert Corp.*, No. 24 C 2996, 2025 U.S. Dist. LEXIS 12888, 2025 WL 274326 (N.D. Ill. Jan. 21, 2025); *Blocker v. Biomat USA, Inc.*, No. 24 CV 2676, 2024 U.S. Dist. LEXIS 240565 (N.D. Ill. Dec. 6, 2024); *Gagen v. Mandell Menkes*, LLC, 2023 L 8294 (Cir. Ct. Cook Cty. Oct. 21, 2024); *Rojo v. Homer Tree*

*Care, Inc*., 23 L 8588, 2024 Ill. Cir. LEXIS 1720 (Cir. Ct. Cook Cty. Oct. 30, 2024); *Wallace v. Vee Pak, LLC*, 24 L 4560, 2024 Ill. Cir. LEXIS 1719 (Cir. Ct. Cook Cty. Oct. 10, 2024); *Boatman v. Riveredge Hospital*, 2024 L 3329 (Cir. Ct. Cook Cty. Nov. 7, 2024). Defendant has failed to identify any cases reaching a different result. Thus, there are no substantial, conflicting decisions regarding this issue.

Moreover, there is not a substantial likelihood that the district court ruling will be reversed on appeal. Defendant—again (Dkt. 44, pg. 5-6)—argues that *Thomas v. Guardsmark*, 487 F.3d 531, 537 (7th Cir. 2007), governs the standard used by the Seventh Circuit in assessing issues of retroactivity under Illinois law (Dkt. 58, pg. 5-6). However, the issue is one of state law and *Thomas* is prior to the 2018 decision adopting the current Illinois retroactivity test. *Perry v. Dep't of Fin. & Prof'l Regulation*, 2018 IL 122349, 106 N.E.3d 1016. The correct test requires that legislative intent govern as an initial matter and, if it cannot be ascertained, 5 ILCS 70/4 must be strictly adhered to. *Id.* at ¶40-43. Using the test established by *Perry*, a number of Illinois Circuit Court judges have considered the retroactivity of the BIPA amendment and held that it is not retroactive. *Gagen v. Mandell Menkes*, LLC, 2023 L 8294 (Cir. Ct. Cook Cty. Oct. 21, 2024); *Rojo v. Homer Tree Care, Inc*., 23 L 8588, 2024 Ill. Cir. LEXIS 1720 (Cir. Ct. Cook Cty. Oct. 30, 2024); *Wallace v. Vee Pak, LLC*, 24 L 4560, 2024 Ill. Cir. LEXIS 1719 (Cir. Ct. Cook Cty. Oct. 10, 2024); *Boatman v. Riveredge Hospital*, 2024 L 3329 (Cir. Ct. Cook Cty. Nov. 7, 2024). It is reasonable to conclude that the Seventh Circuit would similarly apply the test established in *Perry* and conclude that the BIPA amendment is not retroactive. Thus, there is not a substantial likelihood that the Seventh Circuit would reverse this Court's April 10, 2025, order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Motion to Certify the Court's April 10, 2025 Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

*/s/ Daniel A. Edelman*

Daniel A. Edelman
Dulijaza (Julie) Clark
Alexandra Huzyk
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Daniel A. Edelman certifies that on May 22, 2025, this document was filed by ECF, which shall cause a copy to be sent to each attorney of record including:

Sean M. Berkowitz - sean.berkowitz@lw.com
Gary Feinerman - gary.feinerman@lw.com
Johanna Spellman - johanna.spellman@lw.com
Kathryn A. Running - kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611

*s/ Daniel A. Edelman*
Daniel A. Edelman