**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

REGINALD CLAY,

      Plaintiff,

    v.

UNION PACIFIC RAILROAD COMPANY,

      Defendants.

No. 24 CV 4194

Judge Georgia N. Alexakis

**MEMORANDUM OPINION AND ORDER**

Reginald Clay brought this suit against Union Pacific Railroad Company ("Union Pacific), alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. The Court denied Union Pacific's motion for partial summary judgment, [37], after concluding that the 2024 amendment to BIPA, *see* 740 ILCS 14/20 (amended August 2, 2024), was not retroactive. *See* [55].

Union Pacific now requests that the Court certify its decision for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [58]. For the reasons set forth below, the motion to certify is granted.

**I.  Legal Standards**

A district court follows "four statutory criteria" in determining whether a § 1292(b) petition should be granted: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Under § 1292(b), "question of law" refers to a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id*. at 676.

A question of law is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). A question of law is contested "when a controlling court has not definitively decided an issue [and] the party requesting certification [can] demonstrate that a 'substantial likelihood' exists that the district court ruling will be reversed on appeal." *Padilla v. DISH Network L.L.C.*, 12-CV-7350, 2014 WL 539746, at *5 (N.D. Ill. Feb. 11, 2014). "[N]either the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). Rather, it is enough that "uncertainty about status of … [a] claim" might "delay settlement … and by doing so further protract the litigation." *Id.*

The Seventh Circuit also identifies "a [fifth] nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675–76.

## II.   Background

Clay is a truck driver who visited Union Pacific facilities during his work. [1] ¶ 5. Clay alleges that Union Pacific required him to register his fingerprint information and scan his fingerprints upon entering or exiting Union Pacific facilities and that Union Pacific did not disclose what was done with this information or how it would be stored. *Id.* ¶¶ 6–8. Clay sued Union Pacific under BIPA on April 16, 2024, and Union Pacific removed to federal court on May 21, 2024. [1].

In August 2024, the Illinois legislature amended BIPA to clarify that when an entity subject to the Act "in more than one instance, collects, captures, purchases, receives through trade, or otherwise obtains the same biometric identifier or biometric information from the same person using the same method of collection" in violation of the Act, the entity "has committed a single violation ... for which the aggrieved person is entitled to, at most, one recovery." 740 ILCS 14/20(b), (c), *as amended by* SB 2979, Public Act 103-0769. This displaced the previous rule of *Cothron v. White Castle Sys., Inc.*, which allowed "per scan" recovery. 2023 IL 128004 ¶ 24.

On November 4, 2024, Union Pacific moved for partial summary judgment, arguing that under the 2024 BIPA amendment Clay was now entitled to recover for at most a single BIPA violation, rather than the "per-scan" theory endorsed in *Cothron*. [37] at 4–8. Relying on its earlier decision in *Schwartz v. Supply Network, Inc.*, 23 CV 14319, 2024 WL 4871408 (N.D. Ill. Nov. 22, 2024), the Court concluded in its order of April 10, 2025, that because the BIPA amendment was substantive rather than procedural it was not retroactive under Illinois law, and thus did not apply to Clay's claim. [55] at 2.

Union Pacific now requests certification of the Court's order for interlocutory appeal. [58]. Clay opposes certification. [63].

III.    **Analysis**

Clay's opposition to certification contests only two of the five requirements for certification. [63] at 2 ("In the present case, Defendant failed to meet two of the five requirements for certification.") The Court agrees with Union Pacific that the

remaining three are met. Whether the 2024 amendment is retroactive is undoubtedly "a question of the meaning of a statutory or constitutional provision." *Ahrenholz*, 219 F.3d at 676. It presents "an abstract issue of law … suitable for determination by an appellate court without a trial record." *Id.* at 677. This question of retroactivity also "is quite likely to affect the further course of the litigation," *Sokaogon*, 86 F.3d at 659, and is thus controlling. As Union Pacific explains, if the Seventh Circuit were to conclude that Clay was entitled only to one recovery, "that holding … would render irrelevant certain types of evidence, including expert testimony regarding the facts and circumstances surrounding each occasion on which [Clay] allegedly had his finger scanned; and whether the technology at issue captured 'biometric identifiers' or 'biometric information' every time a scan occurred, or whether any such information vanished virtually instantaneously." [58] at 4. In addition, certainty about the retroactivity of the 2024 amendment would "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), by, for example, encouraging settlement, *see Sterk*, 672 F.3d at 536. *See also* [58] at 3–4, 6–7.

That leaves whether the certification request is timely and whether the legal question is contestable. Clay argues that Union Pacific "failed to submit its motion in a reasonable time." [63] at 2. Acknowledging that there is no fixed time under § 1292, Clay contends that the 28 days between the Court's order and Union Pacific's motion for certification is "inexcusably dilatory" and "illustrative of an ongoing pattern of delay." *Id.* at 3.

The Court disagrees that the motion is untimely. Clay relies primarily on *Green v. Meeks*, which observes that "requests filed more than a month or so after the order sought to be appealed are often deemed untimely." No. 20-CV-00463-SPM, 2023 WL 6393023, at *2 (S.D. Ill. Oct. 2, 2023); [63] at 2. But Union Pacific filed its motion within a month, and the only case Clay cites where one month was found to be an unjustified delay involved the § 1292(b) motion being filed "fourteen days after the court ordered the [defendant] to file its answer to the [Plaintiff's] second amended complaint." *Morton Coll. Bd. of Trs. of Illinois Cmty. Coll. Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998). Unlike the movant in *Cicero*, Union Pacific has not run afoul of any court-imposed deadlines. *See* [57]. The Court does not consider 28 days to be unreasonable in preparing a motion to certify for interlocutory appeal a novel question of state law, especially when Clay points to no prejudice he suffered as a result.[1] The Court therefore concludes that the motion is timely.

Finally, although the Court shares Clay's view that its April 10 order was "correctly reasoned," [63] at 4, its confidence does not mean that BIPA retroactivity is not "contestable" within the meaning of § 1292. It is true that "judges within the Northern District of Illinois and Illinois state courts overwhelmingly have held that the BIPA amendment does not apply retroactively to pending cases," *id.* (listing

---

[1] Indeed, the Court directed the parties to continue written discovery pending resolution of the certification motion, [62], and as it notes at the conclusion of this order, instructs the parties to continue those efforts until the Seventh Circuit resolves Union Pacific's request for interlocutory review.

cases), so no current dispute exists among the courts. But this consensus does not mean there is no "substantial ground for difference of opinion" about retroactivity." 28 U.S.C. § 1292(b); *see also Rivera v. Google Inc.*, No. 16 C 02714, 2017 WL 11895720, at \*1 (N.D. Ill. June 27, 2017) ("[A]n interlocutory-appeal certification requires only a 'substantial' ground for difference of opinion, not that the district court be convinced that it came this/close to getting the wrong answer."). As the Court noted in *Schwartz*, "the line between substance and procedure 'may often be unclear.'" 2024 WL 4871408, at \*5 (quoting *Deicke Ctr. v. Illinois Health Facilities Planning Bd.*, 389 Ill. App. 3d 300, 303 (1st Dist. 2009)). This observation does not change the Court's confidence in its earlier decision, nor is a change of mind necessary to certify an interlocutory appeal. *United Airlines, Inc. v. Mesa Airlines, Inc.*, No. 97 C 4455, 1999 WL 1144962, at \*1 (N.D. Ill. Oct. 5, 1999) ("Since reasonable minds might differ with my view, although of course they would be wrong, I conclude that there are substantial grounds for a difference of opinion."). Rather, it is an acknowledgement of the novelty and complexity of the legal issue.

Union Pacific thus meets all four statutory criteria for an interlocutory appeal, as well as the "nonstatutory" timeliness requirement.

## IV.    Conclusion

For the foregoing reasons, the Court grants Union Pacific's motion for certification of the April 10, 2025 order for interlocutory appeal. [58]. Union Pacific has 10 days from the entry of these findings to request the Seventh Circuit's interlocutory review of the certified question. If granted, the Court will stay the case pending interlocutory review. Until the Seventh Circuit resolves any request for

interlocutory review, however, the parties must continue their progress on written

discovery. [62]. The Court vacates the 6/26/25 hearing on Union Pacific's motion.

 

_____

Georgia N. Alexakis
United States District Judge

Date: 6/10/25